# Exhibit 2

**Nima Gharavi**

---

| | |
|---|---|
| **From:** | Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com> |
| **Sent:** | Tuesday, March 24, 2026 8:24 PM |
| **To:** | Nima Gharavi; Tsuji, Lauren (Perkins Coie) |
| **Subject:** | RE: In re DMCA § 512(h) Subpoena to Google LLC, No. 1:26-mc-00033-MN (D. Del.)-Service of Subpoena |

Hi Nima,

We are well, thank you.  I hope you are, too.

Thank you for sharing your thoughts on this subpoena with us. We will, by necessity, forbear from responding for the time being because (a) I don't know that Google has received this subpoena yet or determined how it will respond to it, (b) they haven't asked us to represent them with respect to it. I will pass your email along to them, though, and if they do, I'll look forward to discussing these matters with you further.

Best

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Tuesday, March 24, 2026 11:10 AM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>
**Subject:** In re DMCA § 512(h) Subpoena to Google LLC, No. 1:26-mc-00033-MN (D. Del.)-Service of Subpoena

Dear Todd and Lauren,

I hope this message finds you well.

I am writing to let you know that today, March 24, 2026, I served Google LLC with a DMCA § 512(h) subpoena issued by the United States District Court for the District of Delaware in *In re DMCA § 512(h) Subpoena to Google LLC*, No. 1:26-mc-00033-MN, by hand delivery to Google's registered agent, Corporation Service Company.

The subpoena seeks subscriber identifying information across Google Account, AdSense, Blogger, and YouTube systems. While I do not anticipate overlap with the subject accounts in the N.D. Cal. matter, I want to briefly address Google's suggestion in prior correspondence that Rule 45 provides a workable alternative to § 512(h) for obtaining information from systems beyond YouTube. With respect, that alternative is not available in this context. It is precisely because a Rule 45 subpoena presupposes clearly established personal jurisdiction over identified defendants in pending litigation—a predicate that cannot exist when the jurisdictional contacts of the defendants are precisely what the subpoena is

1

designed to uncover—that Congress created § 512(h) as a *pre-suit* identification mechanism. Congress would not have created § 512(h) if Rule 45 could have served this function. Google's interpretation renders § 512(h) surplusage, and I do not believe *Cox*, *Verizon*, or *Charter*—each of which addressed only the threshold question of which providers qualify—authorizes a qualifying provider to avoid compliance by pointing to a vehicle that is structurally unavailable at the pre-suit stage.

I also want to address the suggestion that Rule 45 is distinguishable from § 512(h) on the basis that Rule 45 subpoenas are subject to judicial oversight and safeguards such as protective orders. Section 512(h)(6) expressly incorporates Rule 45's procedural framework—including motions to quash, motions to compel, and motions for protective order. This is not a theoretical proposition. In *In re DMCA Section 512(h) Subpoena to TikTok Inc.*, No. 2:25-mc-00002-HDV-PD (C.D. Cal. May 28, 2025), TikTok moved for a protective order against a § 512(h) subpoena I obtained in that district, and the court denied TikTok's motion on the merits without any suggestion that such relief was procedurally unavailable. A copy of that order is enclosed for your reference. The premise that § 512(h) lacks the safeguards available under Rule 45 is therefore not supported by the statute's text or by judicial practice.

I would also note—without conceding Google's oversight characterization—that the Delaware proceeding itself illustrates a level of judicial scrutiny that exceeds what Rule 45 ordinarily requires. The Clerk of Court in the District of Delaware does not have unilateral authority to issue a § 512(h) subpoena—an Article III district judge must independently review the papers and enter an affirmative order directing the Clerk to issue the subpoena. In this proceeding, that process spanned 46 days from the filing of my amended request to the issuance of Judge Noreika's order, a copy of which is enclosed for your reference. A Rule 45 subpoena issued in connection with pending litigation, on the other hand, requires no judicial review at all—it issues on the signature of any attorney admitted to practice before the issuing court, without the impartiality or independent scrutiny of an Article III judge. To the extent Google's position rests on the premise that § 512(h) subpoenas are subject to less oversight than their Rule 45 counterparts, the record here reflects precisely the opposite.

Should Google have any concerns regarding full compliance with the subpoena, I would welcome the opportunity to discuss them informally before or on the compliance deadline, with the hope of resolving any issues without the need for court intervention.

Best regards,
Nima Gharavi
(773) 899-4688

Enclosures:
1. *In re DMCA § 512(h) Subpoena to Google LLC*, No. 1:26-mc-00033-MN (D. Del. Mar. 24, 2026) (Subpoena) (Attachment A — ECF-stamped; Attachment B — searchable PDF)
2. *In re DMCA § 512(h) Subpoena to Google LLC*, No. 1:26-mc-00033-MN (D. Del. Mar. 23, 2026) (Order Granting Amended Request for Issuance of Subpoena)
3. *In re DMCA Section 512(h) Subpoena to TikTok Inc.*, No. 2:25-mc-00002-HDV-PD (C.D. Cal. May 28, 2025) (Order Denying Respondent's Request for Entry of a Temporary Protective Order)

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.