# Exhibit 3

## Nima Gharavi

| | |
|---|---|
| **From:** | Hinnen, Todd M. (Perkins Coie) <THinnen@perkinscoie.com> |
| **Sent:** | Thursday, April 16, 2026 6:43 PM |
| **To:** | Nima Gharavi |
| **Cc:** | Tsuji, Lauren (Perkins Coie) |
| **Subject:** | RE: In re DMCA § 512(h) Subpoena to Google LLC, No. 1:26-mc-00027-MN (D. Del.) |

Hi Nima,

I understand that Google's objection letter was transmitted to you yesterday and that they anticipate making a production on April 20, when their user notice period has concluded.  Our apologies for the brief delay.

Best,

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Hinnen, Todd M. (SEA)
**Sent:** Wednesday, April 15, 2026 6:19 PM
**To:** 'Nima Gharavi' <nima@midwestwrestle.com>
**Cc:** Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>
**Subject:** RE: In re DMCA § 512(h) Subpoena to Google LLC, No. 1:26-mc-00027-MN (D. Del.)

Nima,

I appreciate the courtesy of your email.  I had expected Google to make a production and provide you with its objections prior to the date listed on the face of the subpoena.  I am looking into why that did not happen and will circle back with you as soon as possible.

Best,

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**

1

1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Wednesday, April 15, 2026 5:01 AM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Cc:** Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>
**Subject:** RE: In re DMCA § 512(h) Subpoena to Google LLC, No. 1:26-mc-00027-MN (D. Del.)

Dear Todd,

Please find attached my letter dated April 15, 2026 regarding the above-referenced matter. The letter addresses the waiver of all objections and demands immediate and complete production of all subscriber information responsive to the subpoena.

For your convenience, I highlight the two response deadlines set forth in Section III of the attached letter:

- Should Google decline to produce AdSense subscriber information, please confirm that position in writing by the close of business on **April 15, 2026**.
- If Google agrees to produce complete subscriber information across all four systems, please complete such production by the close of business on **April 17, 2026**.

As noted in the letter, I am willing to consider a modest extension of either deadline if Google articulates good cause in writing, and remain available for a videoconference should Google wish to discuss this matter before those deadlines expire.

Thank you for your attention to this matter.

Best regards,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Friday, April 10, 2026 11:55 AM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Tsuji, Lauren (Perkins Coie) <LTsuji@perkinscoie.com>
**Subject:** RE: In re DMCA § 512(h) Subpoena to Google LLC, No. 1:26-mc-00033-MN (D. Del.)-Service of Subpoena

Nima,

Thank you for sharing information regarding why you sought the subpoena in D Del.

I hope I was clear on the call, and want to be clear in this email, that Google didn't "commit" to producing anything. I told you what I thought you could expect to receive in Google's production, but the exact content of a production can't be determined until the data sought. Google will produce the information that it is able to identify that is within the proper scope of the subpoena.

Also to manage expectations, Google's objection letter will not necessary engage each position or argument set forth in your email. The letter will state Google's objections to the subpoena in connection with the production.

Finally, with respect to the precedent we mentioned holding that a subpoena must be enforced within 100 miles of the headquarters or the location the data sought resides, Fed. R. Civ. P. 45(d)(2)(B)(i) requires that any motion to compel compliance with the subpoena to be filed with the "court for the district where compliance is required." Here, that court is the Northern District of California, where Google is headquartered and its custodians of records reside and are employed.  *See, e.g.*, *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015) (there is "no question" that the proper district to hear a motion to compel compliance with a Rule 45 nonparty subpoena is where the nonparty is headquartered); *Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629-30 (C.D. Cal. 2018) (explaining that "the proper district to hear a motion to compel is where Google is headquartered" and finding "no jurisdiction" over motion to compel filed with issuing court); *Klein v. Gordon*, No. SACV 17-0123-AB (JPRx), 2018 WL 5099504, at *2 (C.D. Cal. Aug. 21, 2018) (denying motion to compel and explaining that party was "obligated to move to compel compliance with [the] subpoenas" in the district where the documents were located); *HI.Q, Inc. v. ZeetoGroup, LLC*, No. MC 22CV1440-LL-MDD, 2022 WL 17345784 (S.D. Cal. Nov. 29, 2022) ("Rule 45 expressly requires minimizing the burden placed on a nonparty. Fed. R. Civ. P. 45(d)(1). That is best accomplished by resolving this dispute and requiring production of documents and deposition testimony to occur where the nonparty's principal place of business, responsive documents, and the deponent are located"). Indeed, consistent with Fed. R. Civ. P. 45(d)(2)(B)(i), the District of Delaware has denied motions to compel for lack of jurisdiction where they seek production of documents from non-parties that are "not located in Delaware," where "the documents sought by the subpoena are not located here either." *TQ Delta LLC v. 2Wire Inc.*, No. 13-CV-1835 (RGA), 2017 WL 9833509, at *1 (D. Del. Aug. 9, 2017); *see also TQ Delta LLC v. 2Wire Inc.*, No. 1:13-cv-01835-RG, ECF No. 322 (D. Del., June 13, 2017) (Memorandum Order Denying Motion to Compel). Section 512, of course, invokes the enforcement procedures of Rule 45.

We hope that is helpful to you.

Best,

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Thursday, April 09, 2026 2:01 PM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>
**Subject:** RE: In re DMCA § 512(h) Subpoena to Google LLC, No. 1:26-mc-00033-MN (D. Del.)-Service of Subpoena

Hi Todd and Lauren,

A few quick follow-ups from our call. You asked why I chose the District of Delaware, and I had a momentary lapse. As I noted in my March 24 email below, the Delaware proceeding was in part a direct response to Google's position that § 512(h) subpoenas lack the judicial oversight available under Rule 45. Unlike in N.D. Cal. where § 512(h) subpoenas issue on the clerk's signature alone, the District of Delaware requires independent review by an Article III judge before a subpoena may issue, a process that spanned 46 days in this proceeding. To the extent Google's concern has been the adequacy of judicial oversight, this forum addresses it directly.

I also want to briefly confirm my understanding of what Google committed to producing: identifying information from YouTube, Blogger/Blogspot, and Google Account systems, accompanied by an objection letter addressing the remainder of the subpoena. Please let me know if that characterization is inaccurate in any respect.

Finally, my March 24 email raised several substantive points regarding the Rule 45 alternative and § 512(h)(6)'s incorporation of Rule 45's procedural framework. I look forward to Google's position on those points when the objection letter arrives.

Thanks again for making the time today.

Best regards,
Nima Gharavi
(773) 899-4688

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Monday, April 6, 2026 7:10 PM
**To:** 'Hinnen, Todd M. (Perkins Coie)' <thinnen@perkinscoie.com>; 'Tsuji, Lauren (Perkins Coie)' <LTsuji@perkinscoie.com>
**Subject:** RE: In re DMCA § 512(h) Subpoena to Google LLC, No. 1:26-mc-00033-MN (D. Del.)-Service of Subpoena

Hi Todd and Lauren,

Good to hear from you. I am available at the following times (all Pacific):

- Wednesday, April 8: 9:00 a.m. – 11:00 a.m.
- Thursday, April 9: 9:00 a.m. – 3:00 p.m.
- Friday, April 10: 9:00 a.m. – 5:00 p.m.

Please feel free to send a calendar invite for whichever time works best on your end.

Regards,
Nima Gharavi
(773) 899-4688

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Monday, April 6, 2026 6:15 PM
**To:** Nima Gharavi <nima@midwestwrestle.com>; Tsuji, Lauren (Perkins Coie) <LTsuji@perkinscoie.com>
**Subject:** RE: In re DMCA § 512(h) Subpoena to Google LLC, No. 1:26-mc-00033-MN (D. Del.)-Service of Subpoena

Hi Nima,

I hope you're well.  Google is in receipt of your subpoena and is working on processing a production.  They have asked us to help them with it.  If you have a few minutes this week to connect and discuss it, I think that might be constructive.  Please let us know some times that would work for you.

Best,

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Tuesday, March 24, 2026 11:10 AM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>
**Subject:** In re DMCA § 512(h) Subpoena to Google LLC, No. 1:26-mc-00033-MN (D. Del.)-Service of Subpoena

Dear Todd and Lauren,

I hope this message finds you well.

I am writing to let you know that today, March 24, 2026, I served Google LLC with a DMCA § 512(h) subpoena issued by the United States District Court for the District of Delaware in *In re DMCA § 512(h) Subpoena to Google LLC*, No. 1:26-mc-00033-MN, by hand delivery to Google's registered agent, Corporation Service Company.

The subpoena seeks subscriber identifying information across Google Account, AdSense, Blogger, and YouTube systems. While I do not anticipate overlap with the subject accounts in the N.D. Cal. matter, I want to briefly address Google's suggestion in prior correspondence that Rule 45 provides a workable alternative to § 512(h) for obtaining information from systems beyond YouTube. With respect, that alternative is not available in this context. It is precisely because a Rule 45 subpoena presupposes clearly established personal jurisdiction over identified defendants in pending litigation—a predicate that cannot exist when the jurisdictional contacts of the defendants are precisely what the subpoena is designed to uncover—that Congress created § 512(h) as a *pre-suit* identification mechanism. Congress would not have created § 512(h) if Rule 45 could have served this function. Google's interpretation renders § 512(h) surplusage, and I do not believe *Cox*, *Verizon*, or *Charter*—each of which addressed only the threshold question of which providers qualify—authorizes a qualifying provider to avoid compliance by pointing to a vehicle that is structurally unavailable at the pre-suit stage.

I also want to address the suggestion that Rule 45 is distinguishable from § 512(h) on the basis that Rule 45 subpoenas are subject to judicial oversight and safeguards such as protective orders. Section 512(h)(6) expressly incorporates Rule 45's procedural framework—including motions to quash, motions to compel, and motions for protective order. This is not a theoretical proposition. In *In re DMCA Section 512(h) Subpoena to TikTok Inc.*, No. 2:25-mc-00002-HDV-PD (C.D. Cal. May 28, 2025), TikTok moved for a protective order against a § 512(h) subpoena I obtained in that district, and the court denied TikTok's motion on the merits without any suggestion that such relief was procedurally unavailable. A copy of that order is enclosed for your reference. The premise that § 512(h) lacks the safeguards available under Rule 45 is therefore not supported by the statute's text or by judicial practice.

I would also note—without conceding Google's oversight characterization—that the Delaware proceeding itself illustrates a level of judicial scrutiny that exceeds what Rule 45 ordinarily requires. The Clerk of Court in the District of Delaware does not have unilateral authority to issue a § 512(h) subpoena—an Article III district judge must independently review the papers and enter an affirmative order directing the Clerk to issue the subpoena. In this proceeding, that process spanned 46 days from the filing of my amended request to the issuance of Judge Noreika's order, a copy of which is enclosed for your reference. A Rule 45 subpoena issued in connection with pending litigation, on the other hand, requires no judicial review at all—it issues on the signature of any attorney admitted to practice before the issuing court, without the impartiality or independent scrutiny of an Article III judge. To the extent Google's position rests on the premise that § 512(h) subpoenas are subject to less oversight than their Rule 45 counterparts, the record here reflects precisely the opposite.

Should Google have any concerns regarding full compliance with the subpoena, I would welcome the opportunity to discuss them informally before or on the compliance deadline, with the hope of resolving any issues without the need for court intervention.

Best regards,
Nima Gharavi
(773) 899-4688

Enclosures:
1. *In re DMCA § 512(h) Subpoena to Google LLC*, No. 1:26-mc-00033-MN (D. Del. Mar. 24, 2026) (Subpoena) (Attachment A — ECF-stamped; Attachment B — searchable PDF)
2. *In re DMCA § 512(h) Subpoena to Google LLC*, No. 1:26-mc-00033-MN (D. Del. Mar. 23, 2026) (Order Granting Amended Request for Issuance of Subpoena)
3. *In re DMCA Section 512(h) Subpoena to TikTok Inc.*, No. 2:25-mc-00002-HDV-PD (C.D. Cal. May 28, 2025) (Order Denying Respondent's Request for Entry of a Temporary Protective Order)

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.