# Exhibit 4

Nima Gharavi
4610 North Clark St., #1098
Chicago, IL 60640
(773) 899-4688
dmca@midwestwrestle.com

April 15, 2026

**Via Email**

Todd M. Hinnen, Esq.
Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
thinnen@perkinscoie.com

*cc:* Lauren Tsuji, Esq. (ltsuji@perkinscoie.com)
   Perkins Coie LLP
   1301 Second Avenue, Suite 4200
   Seattle, Washington 98101-3804

**Re:** *In re DMCA § 512(h) Subpoena to Google LLC*, No. 1:26-mc-00027-MN (D. Del.) — Waiver of Objections and Demand for Complete Production

Dear Todd:

I write in connection with the above-referenced matter to notify Google LLC that all objections to the subpoena are waived and to demand immediate and complete production.

**I. All Objections Are Waived.**

To the greatest extent practicable, Section 512(h)(6) of the Digital Millennium Copyright Act incorporates the procedures of Federal Rule of Civil Procedure 45, including Rule 45(d)(2)(B)'s requirement that objections to a subpoena be served before the earlier of the time specified for compliance or 14 days after service. The objection deadline prescribed by Rule 45(d)(2)(B) is among those procedures that § 512(h)(6) incorporates; Rule 45's geographic and enforcement-jurisdiction provisions, by contrast, are not practicably applicable to a subpoena issued by an Article III judge following independent judicial review in a court of competent jurisdiction, and nothing in this letter should be construed as a concession to the contrary.

The subpoena in this matter was personally served on Google LLC through its registered agent, Corporation Service Company, by hand delivery to Razi Khan at 222 S. Riverside Plaza, Suite 2310, Chicago, Illinois 60606, on March 24, 2026 at 10:48 a.m. Central Time. That same day, I provided a courtesy copy of the subpoena, together with the Court's order and related materials, to you and Lauren Tsuji via email—within hours of formal service—so that Google and its counsel would have the earliest possible opportunity to assess their obligations and, if necessary, serve timely objections. You acknowledged receipt that same evening.

Accordingly, any objections were required to be served by April 7, 2026—14 days after service and one week before the April 14, 2026 compliance deadline, making it the earlier and therefore operative deadline under Rule 45(d)(2)(B). No objections were served on or before April 7, 2026. All objections are therefore waived.

**II. Demand for Complete and Immediate Production.**

The April 14, 2026 compliance deadline has now passed. As of the date of this letter, Google has provided neither production nor written objections of any kind. Google is hereby demanded to produce, without further delay, all subscriber information responsive to the subpoena across YouTube, Blogger/Blogspot, Google Account, ***and Google AdSense systems*** associated with the identified accounts.

**III. Response Deadlines.**

Please respond as follows:

Should Google decline to produce AdSense subscriber information, please confirm that position in writing by the close of business on April 15, 2026.

If Google agrees to produce complete subscriber information across all four systems, please complete such production by the close of business April 17, 2026.

The subpoena expressly identified AdSense subscriber information within its scope from the date of service—now more than three weeks ago. Google has had the full duration of this proceeding to evaluate its obligations with respect to that data, and I am confident that one additional business day is more than sufficient time to confirm that position in writing. A production of ESI limited to the identified accounts should not require more than three additional business days to compile and transmit. If Google requires a modest extension of either deadline, I am willing to consider such a request, provided Google articulates good cause in writing.

**IV. Prior Conferral and Good Faith Notice.**

On April 9, 2026, the parties held a videoconference during which Google previewed its anticipated positions regarding the scope of production in this matter, including its anticipated position regarding AdSense subscriber information. I memorialized that conference in writing the same afternoon. This letter serves as formal notice of my intent to seek judicial relief should Google maintain its position, and as a further good-faith opportunity for Google to reconsider prior to any court filing. Should Google wish to arrange another videoconference to discuss this matter before those deadlines expire, I remain available upon reasonable notice and am willing to consider a modest extension of either deadline if Google articulates good cause in writing.

Very truly yours,

Nima Gharavi