IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | ) ) ) ) ) ) | C.A. No. 26-mc-27 (MN) |

**DECLARATION OF TODD HINNEN IN SUPPORT OF
RESPONDENT GOOGLE LLC'S OPPOSITION TO MOTION TO
COMPEL COMPLIANCE WITH DMCA 512(H) SUBPOENA**

I, Todd Hinnen, declare as follows:

1.     I am a partner at Perkins Coie LLP and one of the attorneys representing Respondent Google LLC ("Google") in the above-captioned matter and in connection with Pro Se Movant Nima Gharavi ("Petitioner")'s subpoena issued pursuant to Section 512(h) of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512, by the U.S. District Court for the Northern District of California, *In re DMCA 512(h) Subpoena to Google LLC [N.D. Cal.]*, No. 3:25-mc-80164-WHO, (N.D. Cal. June 23, 2025). I submit this declaration in support of Google's Opposition to Motion to Compel Compliance with DMCA 512(h) Subpoena in this matter. I have personal knowledge of the facts set forth in this declaration and am competent to testify to its contents.

2.     In late 2025 and early 2026, I represented Google in litigation in the U.S. District Court for the Northern District of California with Petitioner regarding a similar Section 512(h) subpoena ("First Subpoena") that Petitioner served on June 25, 2025 and that sought information regarding YouTube accounts. There, as here, Google produced responsive identifying information associated with the YouTube (and, here, Blogger) accounts but declined to produce information associated with other Google products and services that did not store the allegedly infringing material and with respect to which Google did not receive a DMCA take down notice.

3.      On October 2, 2025, Petitioner filed a motion to compel seeking to require Google to produce information about other Google services, including AdSense, that did not store the allegedly infringing videos.

4.      On April 8, 2026, Judge William H. Orrick of the Northern District of California denied Petitioner's motion to compel. Attached as **Exhibit 1** is a true and correct copy of that ruling, entered in the matter *In re DMCA 512(h) Subpoena to Google LLC [N.D. Cal.]*, Case No. 3:25-mc-80164-WHO, dated April 8, 2026.

5.      On March 24, 2026, my colleague Lauren Tsuji and I received an email from Petitioner stating that he had served Google with a DMCA Section 512(h) subpoena ("Subpoena") (D.I. 11) issued by the District Court for the District of Delaware. *See* D.I. at 1-2. That same day, I responded to Petitioner's email explaining that our firm had not yet been asked to represent Google in connection with the Subpoena and that I would forward Petitioner's email to Google. *See* D.I. 15-2 at 1.

6.      On April 6, 2026, I emailed Petitioner to explain that Google was working on producing information responsive to the Subpoena and proposed a meet and confer to discuss it. *See* D.I. 15-3 at 4-5.

7.      On April 9, 2026, my colleague Lauren Tsuji and I participated in a video meet and confer with Petitioner. During the meet and confer, we explained to Petitioner that Google was preparing a production that we anticipated, consistent with Google's position and the Northern District of California's ruling, would consist of identifying information associated with the services upon which the allegedly infringing material was stored but would not include information associated with other Google products or services. We also asked Petitioner why he had obtained the Subpoena in the District of Delaware, rather than the Northern District of California where he

2

had obtained the First Subpoena. Petitioner was unable to answer that question during the meet and confer. We informed Petitioner of Google's position that the Federal Rules of Civil Procedure require that a party seeking to enforce a non-party subpoena must do so within 100 miles of the recipient, which, for Google, meant that any enforcement proceedings must be filed in the Northern District of California, because Google is headquartered and has its principal place of business in Mountain View, California.

8.      After the meet and confer concluded, on April 9, 2026, we received an email from Petitioner explaining that he chose to obtain the Subpoena in the District of Delaware because its process for issuing a subpoena included a review by a judge. *See* D.I. 15-3 at 3-4. On April 10, 2026, I emailed Petitioner providing case citations supporting the proposition that any enforcement proceedings seeking to enforce the Subpoena must be filed in the Northern District of California. *See id*.

9.      On April 15, 2026, we received a waiver and demand letter (D.I. 15-4) from Petitioner via email. *See* D.I. 15-3 at 2. That same day, I emailed Petitioner to inform him that I had expected Google to make a production and provide him with objections prior to the date listed on the subpoena and was investigating the cause of the brief delay. *See* D.I. 15-3 at 1-2. Later that same day, Google transmitted its objection letter (D.I. 15-5) to Petitioner. Due to a drafting error, the objection letter bore the date April 6, 2026, the date on which Google began drafting the letter, rather than April 15, 2026, the date on which Google transmitted the letter to Petitioner.

10.      On April 16, 2026, I emailed Petitioner explaining that Google had transmitted the letter the previous day and that Google anticipated making a production on April 20, 2026, when Google's user notice period had concluded. D.I. 15-3 at 1.

3

11.    On April 21, 2026, Google produced identifying information for the specific YouTube accounts identified in the Subpoena and maintained by YouTube, including, where available, self-declared location information, phone numbers, and IP address access history, among other things. Attached as **Exhibit 2** is a true and correct copy of the cover letter transmitted with Google's April 21, 2026 production. Subsequent to receiving this production, Petitioner did not inform me, my colleagues, or Google of his plan to move to compel compliance with the Subpoena ("Motion to Compel") or otherwise communicate with us further prior to filing his Motion to Compel.

12.    Due to an oversight, Google's April 21, 2026 production did not include identifying information sought by the Subpoena relating to the relevant Blogger account. Because Petitioner did not meet and confer with us after this initial production and before he filed his motion to compel, Google was not aware of this oversight until it reviewed the motion to compel. However, upon discovering the oversight, Google promptly initiated its process for notifying the user of the Blogger account and informed Petitioner that it would produce responsive identifying information associated with the Blogger account on May 17, 2026, when the user notice period concluded.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th Day of May, 2026 in Seattle, Washington.

*/s/ Todd Hinnen*
Todd Hinnen

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 11, 2026, upon the following in the manner indicated:

Nima Gharavi (*pro se*)                                    *VIA ELECTRONIC MAIL*
4610 North Clark Street, Unit #1098
Chicago, IL  60640

/s/ Brian P. Egan

Brian P. Egan (#6227)